█ JESSIE BECKER et al., Appellants, v. CLYDE F. MARION, JR., as Executor of CLYDE F. MARION, Deceased, Respondent.— AULISI, J. Appeal from a judgment of the Supreme Court, Trial Term, County of Schoharie, entered on the 25th day of March, 1964 which dismissed the third and fourth causes of action alleged in the amended complaint of the plaintiffs herein. This action resulting from an automobile accident, was originally brought for a personal injury sustained by plaintiff, Jessie Becker, and for property damage, medical expenses and loss of services sustained by plaintiff husband, Clarence Becker. An amended complaint included causes of action by Jessie Becker, numbered third to rescind and cancel a certain release instrument based on mutual mistake, numbered fourth, to rescind and cancel said release on the ground of fraud and by plaintiff husband numbered fifth, to have said release set aside because he did not sign such release and his wife had no authority to sign for him. These three causes of action and a separate defense raised by defendant all concern the execution and delivery of general releases by the plaintiffs to the defendant and were ordered tried separately and prior to the basic claims. After a full trial the trial court determined that the causes of action numbered third and fourth be dismissed on the merits and that the plaintiff, Clarence Becker, be entitled to judgment canceling and declaring void the release or releases in question as to him. Upon the record before us, we find ample evidence to sustain the determination of the trial court. The release or releases in question were signed by Mrs. Becker in her own name and she also signed her husband's name and that of her mother as witness. Her daughter signed a fictitious name as another witness. She also indorsed the settlement checks with her own name and that of her husband. There is various testimony, at times conflicting and confusing, as to Mrs. Becker's authority and intention. We cannot say as a matter of law that the trial court erred in its conclusion that the plaintiff, Jessie Becker, was not entitled to the relief sought. The dismissal of the third and fourth causes of action would have to be affirmed even if the bar of the doctrine of unclean hands had not been interposed by the trial court, inasmuch as plaintiff did not sustain her burden of proving either mistake (and see *Rill* v. *Darling,* 21 A D 2d 955; *Moyer* v. *Scholz,* 22 A D 2d 50), or fraud. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.